John W. DRAKE, Appellant,

v.

Rebecca C. DRAKE and R. Lee Steers, Jr., Appellees.

Court of Appeals of Kentucky.

Nov. 21, 1986.

Rehearing Denied Dec. 31, 1986.

David F. Broderick, David W. Anderson, Cole, Harned & Broderick, Bowling Green, for appellant.

R. Lee Steers, Jr., Steers, Steers & Link, Franklin, for appellees.

Before DUNN, GUDGEL and LESTER, JJ.

LESTER, Judge.

This is an appeal from findings of fact and conclusions of law relating to the valuation and division of property in a dissolution of marriage action.

John and Rebecca Drake were married in 1965 and filed for dissolution in 1981. The court entered a decree of divorce, however, the parties remarried in March of 1984. This second marriage was dissolved in September of 1984.

Appellant raises ten grounds for reversal of the court's judgment. After a rather extensive review of the briefs and record in this case, we have determined that not all of his contentions merit discussion.

First, even appellee concedes that the trial court undervalued the marital residence by $7,610. Accordingly, this contention needs no legal discussion by this court and the cause is remanded with directions that the judgment be amended to correct this error.

Next, John claims error in the court's failure to allow him a credit for nearly $7,000 paid in child support for a child born of Rebecca, but not of the marriage. Subsequent to the order setting temporary child support, an agreed order was entered acknowledging that John is not the natural father of Rebecca's young son. Despite appellee's assertion that John had not requested credit for support paid, the record indicates that the issue was raised below and the court failed to make any ruling on the matter.

The impropriety of the parties with the trial court's assistance illegitimatizing a child born during the marriage by means of the agreed order to that effect entered in this case is unquestionable. Recently, our Supreme Court addressed the presumption of legitimacy contained in KRS 406.011. *Bartlett v. Com. Ex Rel. Calloway*, Ky., 705 S.W.2d 470 (1986). KRS 406.011 in pertinent part concerning the presumption of legitimacy states:

> A child born during lawful wedlock, or within ten (10) months thereafter, is presumed to be the child of the husband and wife.

The statute further states concerning rebuttal of the presumption:

However, a child born out of wedlock includes a child born to a married woman by a man other than her husband where evidence shows that the marital relationship between the husband and wife ceased ten (10) months prior to the birth of the child.

It is obviously necessary to call the trial court's attention to our longstanding rule that evidence showing that the marital relationship between the husband and wife ceased ten (10) months prior to the birth of the child shall not include testimony by either the husband or the wife. This rule would include, as is the case here, their agreed order having the effect of illegitimatizing, or, if you please, bastardizing a child born during the marriage. The rule simply stated is that testimony by parents as to non-access is inadmissible to bastardize an innocent child presumed to have been born legitimate. *Dudley's Adm'r. et al v. Fidelity & Deposit Co. of Maryland et al*, Ky., 240 S.W.2d 76 (1951), 10 Am. Jur.2d, *Bastards*, Sec. 33 (1963). The trial court should have rejected the agreed order and upon remand shall cause it to be stricken and be given no consideration.

*Bartlett* noted that though the presumption is one of the strongest known to law, it is nevertheless, rebuttable, and may be overcome by evidence sufficient to "remove the question from the realm of reasonable doubt." *Id.* at 472. Once the presumption of paternity of the husband is properly rebutted by such admissible "evidence so clear, distinct and convincing" as to leave no reasonable doubt, *Bartlett, supra,* it may be that the trial court could exercise its equitable powers to fashion an appropriate remedy for the husband who has paid child support. *See Strawser v. Strawser,* 126 Wis.2d 485, 377 N.W.2d 196 (1985). This becomes particularly true as the mother could then seek support from the natural father by means of a paternity action. However, in the case at bar, the court below having failed to make any determination on this issue, we do not decide it, except to remand it to that court for further proceedings.

■ Appellant also contends that the court abused its discretion in awarding Rebecca maintenance. Kentucky law is clear that in order for an award of maintenance to be proper, the elements of both KRS 403.200(2)(a) and (b) must be established. In other words, there must first be a finding that the spouse seeking maintenance lacks sufficient property, including marital property, to provide for his reasonable needs. Secondly, that spouse must be unable to support himself through appropriate employment according to the standard of living established during the marriage. *Lovett v. Lovett,* Ky., 688 S.W.2d 329, 332 (1985).

These being the required findings for an award of maintenance, we must consider whether the amount awarded herein constitutes an abuse of discretion.

■ Pursuant to the lower court's judgment, Rebecca is to receive one-half of all the assets of the parties. In order to equalize the assets, John was required to pay $57,000 in cash to Rebecca. The court then went on to state that even though Rebecca was able to support herself, and even though the court did consider "marital fault," it would nevertheless award appellee maintenance in order to allow her to maintain the standard of living established during the marriage.

Because the lower court complied with the statutory elements and made detailed findings of fact which cannot be easily disturbed, we will uphold the trial court's award of maintenance. There is substantial evidence in the record to support the court's finding that Mrs. Drake's salary as a beautician, even when combined with an equal proportion of the marital assets, is not sufficient to provide for her in the manner to which the parties had become accustomed. *McGowan v. McGowan,* Ky. App., 663 S.W.2d 219 (1983); *Casper v. Casper,* Ky., 510 S.W.2d 253 (1974). While we might have decided differently, we will not substitute our judgment for that of the fact finder. In dicta, however, we question whether many couples could each maintain

separately the standard of living they attained together during their marriage.

 We also affirm the court's ruling as to the value of the husband's business. While it is true that the court did not accept the value given by the appellant's expert, the trial judge adequately explained his reasons for rejecting that evidence. We cannot agree that this reasoning was clearly erroneous.

 We do, however, conclude that the trial court abused its discretion in ordering appellant to pay his former wife's attorney fees of $2,500. KRS 403.220 authorizes an award of attorney's fees when there is an imbalance or disparity in the financial resources of the parties. In view of the court's allowance of maintenance and equal division of the marital and non-marital property, as well as the fact of the wife's own employment, we do not agree that this presents a proper case for allowance of attorney fees. *Sullivan v. Levin*, Ky., 555 S.W.2d 261 (1977).

Having examined thoroughly the other alleged errors, we conclude that they are matters which either lie within the sound discretion of the trial court and were not clearly erroneous, or were not brought to the attention of the court by requests for additional findings and thus cannot be addressed by this Court on appeal. CR 52.04.

Accordingly, the judgment is affirmed in part and reversed and remanded in part for proceedings consistent with the views expressed herein.

DUNN, J., concurs.

GUDGEL, J., concurs in result only.