**Pamela FORD and Frost Brown Todd LLC, Appellants,**

**v.**

**David Stanley BLUE, Appellee.**

**No. 2002–CA–001078–MR.**

Court of Appeals of Kentucky.

May 9, 2003.

Kathy P. Holder, Brown, Todd & Heyburn, PLLC, Louisville, for appellants.

Vicki L. Buba, Cynthia Compton Stone, Stone, Pregliasco, Haynes & Buba, LLP, Louisville, for appellee.

Before: COMBS, KNOPF, and TACKETT, Judges.

*OPINION*

TACKETT, Judge:

Pamela Ford Blue (now Ford) appeals from an order of the Jefferson Circuit Court determining the amount she is owed under an antenuptial agreement by her former spouse David Blue and denying her request for an award of attorney's fees. We affirm in part, vacate in part and remand for further proceedings.

This is the second time Ford and Blue have been divorced from one another. Their first marriage occurred on March 27, 1982, and terminated November 4, 1987. During the dissolution of their first marriage, the parties considered reconciliation; therefore, Ford's attorney drafted an ante-

nuptial agreement which was executed by the parties prior to their remarriage on May 2, 1988. During both marriages, Ford and Blue enjoyed a very high standard of living with expensive residences in both Boca Raton, Florida, and Louisville, Kentucky. No children were born to the parties during either marriage.

The parties separated again in December 1998, and Ford filed a petition for divorce in Palm Beach County, Florida, although neither party was residing in Florida at the time. When Blue learned that Ford had begun divorce proceedings against him in Florida, he filed a petition for dissolution in the Jefferson Circuit Court and the Florida petition was subsequently dismissed. Blue filed a motion asking the trial court to determine the validity of the antenuptial agreement. The trial court found the agreement to be valid and enforceable on October 25, 1999. We affirmed that decision in the case of *Blue v. Blue*, Ky.App., 60 S.W.3d 585 (2001). Thereafter, the Kentucky Supreme Court denied Ford's motion for discretionary review.

With the enforceability of the antenuptial agreement thus established, the trial court determined that Blue was required to pay Ford $510,000.00 pursuant to Section 2.1 of the agreement; however, Ford was not entitled to a fifty percent premium under the agreement because she initiated the divorce proceedings. Moreover, the trial court refused to award Ford her attorney's fees and costs pursuant to the agreement because she had contested its validity through prior appellate proceedings. This appeal followed.

■ Ford argues that the trial court erred in interpreting the provision of the antenuptial agreement governing the amount of money Blue was to pay her in the event that the parties divorced a second time. Section 2.1, which governed the division of property between Ford and Blue, reads in pertinent part as follows:

In the event the parties divorce, then [Ford] shall be entitled to receive a lump sum settlement in cash in lieu of division of marital property. Said settlement shall be computed according to the following formula: Thirty thousand Dollars ($30,000.00) multiplied by each year or part of a year that the parties are married for less than five (5) years; plus Forty thousand Dollars ($40,000.00) multiplied by each year or part of a year that the parties are married in excess of five (5) years. In computing the above amounts, the period of time during which the parties were married prior to the date of this agreement shall be disregarded.

In the event [Blue] shall be the person to institute proceedings to dissolve the parties' marriage, the amounts specified in this Paragraph 2.1 shall be increased by fifty percent (50%). However, the parties agree that sexual fidelity is an important concomitant of their marriage and that violation of a commitment to sexual fidelity should be penalized. Therefore, if [Blue's] institution of divorce proceedings is the result of [Ford's] infidelity, then there shall be no increase.

Ford points out that there have been no allegations of infidelity against her during this divorce proceeding. The conflict, in fact, centers around the issue of who actually instituted the divorce proceedings. The trial court found that Ford instituted the divorce proceedings when she filed a petition to dissolve her marriage in a Florida court. Ford claims that since the actual divorce decree was issued by the Jefferson Circuit Court in an action filed by Blue, after he learned that Ford had begun divorce proceedings against him, that Blue must pay Ford the fifty percent pre-

mium pursuant to Section 2.1 of their antenuptial agreement.

■ Blue points out that contracts which are free from ambiguity need " '. . . no construction and will be performed or enforced in accordance with [their] express terms.' " *First Commonwealth Bank of Prestonsburg v. West,* Ky.App., 55 S.W.3d 829, 836 (2000), *citing Ex Parte Walker's Ex'r,* Ky., 253 Ky. 111, 68 S.W.2d 745, 747 (1933). The antenuptial agreement, drafted by Ford's attorney, specifies that she is only entitled to the fifty percent premium if Blue institutes proceedings to dissolve the marriage. Clearly, Section 2.1 did not contemplate a situation where Ford would be rewarded for filing a divorce petition in a court without jurisdiction simply because Blue responded by filing his own petition in Jefferson County rather than defending against her petition filed in Palm Beach County. We agree with the trial court's determination that Ford instituted the proceedings to dissolve the marriage and is therefore ineligible to receive the extra compensation intended to apply in the event that Blue wished to terminate the marriage.

■ Ford next argues that the trial court improperly failed to consider whether to award her any of her attorney's fees and costs. The applicable section of the antenuptial agreement provided as follows:

> 2.4 *Husband to Pay Wife's Attorneys' Fees.* Husband shall pay the fees of [Ford's] attorney, Natalie S. Wilson, in negotiating and preparing this Agreement. In the event this Agreement shall come into full force and effect, and in the further event that the parties shall thereafter initiate proceedings to dissolve their marriage [Blue] agrees to pay all attorneys' fees, court costs and any other expenses incurred by [Ford] in the course of such pro-

ceedings, provided [Ford] shall make no attempt to contest the validity of this Agreement, either in whole or in part.

The trial court made a finding that, since Ford did contest the validity of the antenuptial agreement, Blue had no obligation to pay her attorney's fees and costs. Ford argues that, while the language in the agreement entitled her to have Blue pay all of her attorney's fees and costs if she did not contest its validity, it does not necessarily follow that if she did contest the agreement Blue was relieved from any obligation to pay her attorney's fees and costs.

■ The trial court has discretion to award attorney's fees and costs in any divorce proceeding where there is a disparity in the parties' financial resources. *Drake v. Drake,* Ky.App., 721 S.W.2d 728 (1986); *Gentry v. Gentry,* Ky., 798 S.W.2d 928 (1990). Ford estimated that Blue's net worth at the time of this proceeding was at least twenty-four million dollars while she will only receive $510,000.00 pursuant to Section 2.1 of their antenuptial agreement, plus $7,000.00 temporary maintenance for the duration of the appellate proceedings. The disparity in the financial resources possessed by Ford and those of her former spouse, Blue, is readily apparent. Consequently, under our prior holding in *Drake,* the trial court had the discretion to order Blue to pay some or all of Ford's costs and attorney's fees. While we do not require the trial court to award costs and attorney's fees, we hold that it was error for the trial court to rely solely on the antenuptial agreement and to fail to exercise its discretion in determining whether to make such an award. Therefore, the portion of the trial court's order denying Ford any award of attorney's fees and costs is vacated and remanded with instructions to the trial court to exercise its sound discretion,

pursuant to *Drake* and *Gentry* in determining whether Blue will have to pay any of Ford's attorney's fees and costs.

For the forgoing reasons, the judgment of the Jefferson Circuit Court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

COMBS, Judge, concurs.

KNOPF, Judge, concurs with separate opinion.

KNOPF, Judge, concurring:

I fully concur in the reasoning and the result of the majority opinion. I write separately to add that, under Section 2.4 of the pre-nuptial agreement, Blue agreed to pay Ford's attorney fees in the event of a divorce, provided that she made no attempt to challenge the validity of any part of the agreement. Since Ford did contest the validity of the agreement, Blue had no contractual obligation to pay her attorney fees and costs. However, the agreement does not preclude the trial court from making such an award. Therefore, the trial court retains its discretion under KRS 403.220 to award attorney fees and costs. Accordingly, I agree with the majority that this matter must be remanded to the trial court to determine whether Blue should be ordered to pay any part of the attorney fees and costs incurred by Ford.