RENDERED: FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0260-MR

DAVID ALLEN GALLAGHER                                    APPELLANT

|   |   |
|---|---|
| v. | APPEAL FROM BATH CIRCUIT COURT<br>HONORABLE WILLIAM EVANS LANE, JUDGE<br>ACTION NO. 17-CI-00070 |

ROSEMARY GALLAGHER                                       APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND MAZE, JUDGES.

MAZE, JUDGE: Appellant, David Allen Gallagher ("David"), appeals the Bath

Circuit Court's judgment from the dissolution of his marriage to Appellee,

Rosemary Gallagher ("Rosemary"), with respect to custody, division of property

and debt, and the amount and duration of maintenance. We reverse in part and

remand this matter to the trial court for entry of a corrected judgment. But in all other respects, we affirm.

## I. Facts and Procedural History

The parties were married in November 1990, separated in April 2017, and the decree of dissolution of marriage was entered on January 25, 2021. The parties have one child, C.C.G. ("Child"), who was born in 2007. David worked for Pike Electric as a lineman, earning $42.00 per hour and earned a total of $92,605.00 in 2017. Rosemary was unemployed at the time of dissolution.

The trial court held a hearing on January 15, 2020. At that time, the court heard testimony from both parties and their witnesses. Six months later, in June 2020, David's attorney filed a motion to withdraw as counsel, which the trial court granted. Prior to withdrawing, David's attorney asked the court to sell all the real property and divide the money.

David proceeded *pro se* for the remainder of the action. In November 2020 and January 2021, the court held hearings by Zoom. David was not present for either hearing. In his briefs, he suggests that he was unable to access Zoom. However, the record does not indicate that he brought the issue to the trial court's attention.

Prior to the November 2020 hearing, Rosemary filed a motion seeking sole custody of the Child. The motion alleged that David left the Child unattended

for long periods of time. In addition, Rosemary alleged that the Child refused to return to her home after summer visitation and that David was unwilling to compel the Child to do so. Rosemary also alleged that the Child was in danger of failing his classes at school due to lack of supervision. Following the hearing on November 19, 2020, the trial court entered an order granting Rosemary sole custody of the Child with David receiving standard visitation.

The trial court conducted its final hearing on January 21, 2021, at which Rosemary's counsel tendered draft findings of fact, conclusions of law, and a judgment on the disputed issues. On January 22, the trial court entered an order again granting Rosemary sole custody of the Child and directing that David deliver the Child to her care immediately. On January 25, 2021, the court entered a judgment dissolving the marriage, dividing the marital property and debts, and awarding sole custody of the Child to Rosemary. The trial court fully adopted the findings of fact, conclusions of law, and judgment tendered by Rosemary's counsel. However, the trial court neglected to include the schedule of personal property referenced in the tendered judgment. But notably, neither party filed a motion pursuant to CR[1] 52.02 requesting the trial court to make additional findings

---

[1] Kentucky Rules of Civil Procedure.

or to attach Exhibit A to the judgment. Likewise, neither party filed a motion to alter, amend, or vacate the judgment pursuant to CR 59.05.

In pertinent part, the judgment held:

- David was awarded property at Forest Drive and Bethel Ridge Road and the debts owed thereupon.

- Rosemary was awarded property at Ramey Road and the debt owed thereupon.

- The Tunnel Hill Road property was to be sold and the proceeds equally divided.

- Rosemary was awarded maintenance of $840.00 per month for five years due to the length of marriage, income disparity between the parties, Rosemary's current medical needs, and time for Rosemary to be retrained and build a career in the job market.

- David's pension was to be divided equally between the parties.

- Rosemary would receive $8,725.03 from David's employee profit-sharing.

- Rosemary and David would be equally responsible for the debt owed to Wal-Mart.

- David would be responsible for debt owed to Peoples Bank of Kentucky for attorney fees, for the Lowe's bill, and for Rosemary's medical bills.

- Rosemary would receive the Ford Taurus and be responsible for the debt thereupon.

- The personal property was divided with David's valued at $36,545.00 and Rosemary's valued at $18,272.50. The judgment identified specific items of personal property, and incorporated by reference the above-referenced "Exhibit A."

- With regard to custody, the trial court found that the parties' timesharing arrangement with the Child had broken down because David had refused to make the Child visit with Rosemary or return him to her care. The court also found that the Child was in danger of failing school and being retained in eighth grade. Separately, in its conclusions of law, the trial court found that the animosity between the parties prevented any effective joint custody, noting David's failure to engage in co-parenting or to encourage the Child to respect Rosemary. Consequently, the trial court found that granting sole custody would be in the best interests of the Child.

Following entry of the judgment, David, proceeding *pro se*, filed a notice of appeal. Additional facts will be set forth below as necessary.

## II.    Custody and Timesharing

David first argues that the trial court failed to apply the statutory presumption for joint custody and equal timesharing pursuant to KRS[2] 403.270(2). He also asserts that joint custody is most appropriate because the Child had lived with him primarily for two and one-half years while the parties were separated. David states that, during that time, the Child only saw his mother once a month for brief visits. The Child resided with Rosemary for five months in late 2019 and early 2020 but began developing problems at school while he lived with her. David disputes the trial court's findings that the Child was unsupervised while in his care, and conversely, alleged that Rosemary did not properly supervise the Child. In response, Rosemary states that the trial court's findings were supported by substantial evidence and that its custody and timesharing orders did not amount to an abuse of its discretion.

We review the trial court's decision as to custody and timesharing under the standards of KRS 403.270. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). The trial court has broad discretion to decide custody and timesharing. *Jones v. Livesay*, 551 S.W.3d 47, 51 (Ky. App. 2018). In reviewing a decision as to where a child will primarily live and how much time he will spend with his

---

[2] Kentucky Revised Statutes.

-6-

respective parents, we are required to defer to the trial court's findings of fact if they are supported by substantial evidence. *Frances*, 266 S.W.3d at 758. The trial court is in the best position to resolve the conflicting evidence and make the determination that is in the child's best interest. *Id.* at 758-59. As long as the trial court follows the mandates of KRS 403.270, we will defer to its decision if it is neither clearly erroneous nor an abuse of discretion. *Id.* at 759.

However, this discretion is circumscribed by the provisions of KRS 403.270(2), which provides, in pertinent part, as follows:

> The court shall determine custody in accordance with the best interests of the child and equal consideration shall be given to each parent and to any *de facto* custodian. Subject to KRS 403.315, there shall be a presumption, rebuttable by a preponderance of evidence, that joint custody and equally shared parenting time is in the best interest of the child. If a deviation from equal parenting time is warranted, the court shall construct a parenting time schedule which maximizes the time each parent or *de facto* custodian has with the child and is consistent with ensuring the child's welfare.

The statute goes on to provide a list of factors for the court to consider in determining the best interest of the child. If the court determines that a deviation from equal parenting time is appropriate, it must set forth a parenting time schedule maximizing the time each parent has with the child and "consistent with ensuring the child's welfare." KRS 403.270(2).

David takes the position that the trial court failed to address the rebuttable presumption of joint custody and equal timesharing set forth in the statute.[3] The trial court's findings on this issue are somewhat disjointed. But the trial court referenced the animosity between the parties, David's refusal to cooperate with co-parenting, and the Child's poor performance in school while in David's care. The court also mentioned that David's work schedule prevents him from providing the Child with the supervision and discipline which he needs.

While it would have been preferable if the trial court had acknowledged the statutory presumptions, the trial court made sufficient findings to support its conclusion that joint custody and equal timesharing would not be in the Child's best interest. David merely disputes the sufficiency of the evidence supporting those findings. And much of the evidence supporting his position was introduced at the January 2020 hearing. The trial court clearly found the more-recent evidence presented by Rosemary to be more persuasive. Under the circumstances, David has not shown that the trial court's findings were clearly

---

[3] David also takes issue with the sufficiency of the evidence which Rosemary presented at the November 19, 2020 hearing. He asserts that the trial court improperly considered hearsay evidence about the Child's progress in school. David also complains that he was not given notice of the hearing or an opportunity to present additional evidence. However, David does not show that he ever preserved these objections while before the trial court. Therefore, we deem these issues to have been waived.

erroneous or that the trial court's decision to award sole custody to Rosemary amounted to an abuse of its discretion.

With regard to timesharing, the judgment granted David visitation every other weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. The court granted David summer and holiday visitation in accordance with the standard visitation schedule adopted in that circuit. KRS 403.270(2) would seem to require more specific findings regarding the appropriate amount of timesharing. *See also Drury v. Drury*, 32 S.W.3d 521 (Ky. App. 2000). But since David did not request additional findings pursuant to CR 52.04, we deem the issue to have been waived.

## III. Division of Marital Personal Property

As an initial matter, both David and Rosemary agree that this matter should be remanded to allow the trial court to adopt the aforementioned "Exhibit A," as it was erroneously omitted from the judgment entered by the trial court. The Exhibit is included in the record as part of the tendered judgment. Furthermore, the trial court's judgment referenced Exhibit A and incorporated it into the judgment, but it was not attached to the entered judgment.

As noted, neither party raised this issue or brought the omission to the trial court's attention. CR 52.04 provides that "[a] final judgment *shall not* be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment *unless* such failure is brought to the

attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02." (Emphasis added.) A strict reading of the rule would preclude this Court from reversing or remanding because the parties failed to raise the issue. But since the trial court's judgment specifically referenced it and incorporated it into the judgment, we conclude that the most appropriate remedy would be to direct the trial court to correct the oversight and to formally enter Exhibit A as part of the judgment. David does not otherwise challenge the trial court's valuation of the various items of personal property or its respective assignment of those items to either party.

## IV.    Marital Real Property

David next focuses on the trial court's allocation of the marital real property. He claims that the trial court's findings do not set forth any of the respective values of the real properties, resulting in an inequitable division. David contends that the trial court should have ordered all three properties sold and the proceeds equally divided.

KRS 403.190 directs a trial court to "divide the marital property without regard to marital misconduct in just proportions considering all relevant factors[.]" However, the statute does not specify how much weight should be given to each factor. Furthermore, a "just" division is not necessarily an equal division. *Cobane v. Cobane*, 544 S.W.3d 672, 684 (Ky. App. 2018). "We review

-10-

a trial court's determinations of value and division of marital assets for abuse of discretion." *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010) (citing *Armstrong v. Armstrong*, 34 S.W.3d 83, 87 (Ky. App. 2000)).

David notes that the trial court awarded Rosemary the properties on Ramey Road, which included the marital residence and a rental house. Rosemary testified that she receives $500.00 per month from the rental property – $350.00 in cash and $150.00 in services from tenant. Rosemary's property also has fifteen storage units, three of which she uses for herself and another twelve which are rented. In contrast, David received the Bethel Ridge Road and Forest Drive property. He claims that the latter property needs $15,000-$20,000 in repairs.

But as Rosemary points out, the parties previously agreed upon the division of all of the real property, except the Tunnel Hill Drive property. The trial court's judgment reflects that agreement. As noted, the trial court ordered the Tunnel Hill property sold and the proceeds equally divided. In addition, the trial court heard testimony that David received an insurance check to repair the roof on the Forest Drive property, but he failed to use it to make the repairs, which resulted in further deterioration of the roof and floors. Under the circumstances, David has failed to show that the trial court abused its discretion in dividing the real property.

## V.    Marital Debt

Along similar lines, David contends that the trial court abused its discretion in dividing the marital debt.  As with division of marital property, the trial court's decisions regarding division of marital debt is reviewed for abuse of discretion.  *Neidlinger v. Neidlinger*, 52 S.W.3d 513, 523 (Ky. 2001), *overruled on other grounds by Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018).  Furthermore, there is no presumption that debts incurred during the marriage are marital.  *Id.*  Rather, the party claiming that a debt is marital has the burden of proof.  *Id.*  Here, David does not object to the trial court's characterization of the debts as marital.

Rather, David argues that the trial court should not have assigned him responsibility to pay the indebtedness to Peoples Bank, Lowe's, and Rosemary's medical bills.  He argues that Rosemary has the ability to pay a significant portion of these debts based upon her income and property received in the divorce.  Consequently, David maintains that the trial court's assignment of this debt was an unjust division and allocation of debt and amounted to an abuse of its discretion.  In response, Rosemary notes that the trial court assigned her the responsibility to pay the Peoples Bank debt on the property which she was awarded.  Given her substantially lesser income, we agree with Rosemary that the trial court's allocation of debt cannot be considered an abuse of its discretion.

## VI. Maintenance

Lastly, David argues that the trial court erred by awarding maintenance to Rosemary. Maintenance awards are governed by KRS 403.200. Under this statute, the court must first find that the spouse seeking maintenance lacks sufficient property, including marital property, to provide for his reasonable needs. KRS 403.200(1)(a); *see also Drake v. Drake*, 721 S.W.2d 728, 730 (Ky. App. 1986). Second, the court must find that the spouse is unable to support himself through appropriate employment according to the standard of living established during the marriage. KRS 403.200(1)(b). Once that two-part determination is made, the trial court considers various factors in setting the "just" amount and duration of maintenance. KRS 403.200(2). These factors include: (a) the financial resources of the party; (b) the time necessary to become sufficiently educated or trained to find appropriate employment; (c) the standard of living established during the marriage; (d) the duration of the marriage; (e) the age, physical and emotional condition of the party seeking maintenance; and (f) the ability of the spouse from whom maintenance is sought to meet his reasonable needs. KRS 403.200(2)(a)-(f); *see also Gomez v. Gomez*, 168 S.W.3d 51, 57 (Ky. App. 2005).

We examine the trial court's findings as to each of the factors enumerated in KRS 403.200(2) in determining Rosemary's maintenance award.

As to factor (a) of KRS 403.200(2), the family court noted that Rosemary received rental income from the rental house and units on the property which almost cover the payments on the mortgage on this property, while David earned $42.00 per hour working "well over 40 hours a week." As to factor (b), the trial court found that Rosemary had CNA[4] training, but that was over thirty years earlier and she never worked in that field. The court further found that Rosemary had not worked consistently through the marriage and when she did work, it was often through a temporary service. Moreover, the court noted that Rosemary has a cancerous growth on one leg and a similar growth needing medical attention. She is unable to work a job that requires her to be on her feet for an extended time until her leg is treated. Thus, the court awarded maintenance to allow Rosemary to get her medical issues addressed and to build a career in the job market.

As to factor (c), the trial court did not make a specific finding as to the parties' standard of living during the marriage. As to factors (d) and (e), the trial court recognized the parties had been married since 1990, that Rosemary was 48 years old with the aforementioned health condition and David was 51 years old. Finally, as to factor (f), the trial court made no finding that David could meet his reasonable needs while paying maintenance to Rosemary.

---

[4] Certified Nursing Assistant.

David argues that the trial court failed to make the required statutory findings pursuant to KRS 403.200 because the judgment contains no finding as to whether Rosemary lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs. David further argues the trial court failed to find whether Rosemary can support herself through appropriate employment. David further complains that the trial court failed to consider either the child support which Rosemary receives or the income from the rental properties awarded to her.

Finally, David notes that an award of maintenance may only be made after nonmarital property is assigned and marital property is divided between the parties. In cases where the underlying property award is reversed on appeal, the maintenance award generally must also be vacated and remanded for reconsideration in light of the revised property award. *Jones v. Jones*, 245 S.W.3d 815, 820 (Ky. App. 2008). Since the parties agree that the property award must be remanded to include the omitted Exhibit A, David argues the maintenance award must also be set aside until the distribution of the personal property is conclusively determined.

But while Exhibit A was omitted, the trial court expressly valued the total personal property allocated to each party. As discussed above, David does not dispute that overall division. Rather, the only uncertainty concerns the specific

items included. Under these circumstances, we conclude that it is unnecessary to remand the maintenance award for re-evaluation.

Instead, the only questions on appeal are whether the trial court made sufficient findings to support its award of maintenance and whether those findings are supported by substantial evidence. The trial court found that Rosemary's living expenses were approximately $840 per month, plus the mortgage payment on real property awarded to her. The rental payments cover the mortgage.

David asserts that Rosemary can receive more income from the rental property and storage units awarded to her. He also asserts that she is currently capable of working and earning additional income. We cannot find that the trial court clearly erred in finding otherwise. David also does not argue that Rosemary's claimed expenses include amounts attributable to expenses for the Child. Furthermore, we find that the trial court adequately considered the marital property awarded to Rosemary in determining her ability to meet her reasonable needs.

Finally, the record clearly shows that the parties enjoyed a comfortable, although not extravagant, lifestyle during their marriage of approximately 30 years. David does not contend that Rosemary's claimed expenses are unreasonable or reflect a standard of living beyond that which the

parties enjoyed during the marriage. Thus, David has failed to show that he was substantially prejudiced by the lack of specific findings on this issue.

As noted, the trial court awarded Rosemary maintenance of $840 per month for five years. This amount is sufficient to meet her current expenses in excess of her income from the rental property, but little else. Rosemary also testified that she will also need to obtain health insurance on her own, at a cost of $504.77 per month with annual deductible of $6,700. Obviously, that expense, as well as any additional expenses, will have to be paid from the marital property awarded to her. Under the circumstances, we conclude that the trial court's findings regarding maintenance are not clearly erroneous, and that the amount and duration of maintenance awarded to Rosemary was not an abuse of discretion.

## VII. Conclusion

Accordingly, we reverse the judgment of the Bath Circuit Court and remand with directions to enter a corrected judgment incorporating the omitted Exhibit A. In all other matters, we affirm the judgment of the Bath Circuit Court.


ALL CONCUR.

-17-

BRIEFS FOR APPELLANT:

Robert W. Miller
Grayson, Kentucky

BRIEF FOR APPELLEE:

Julie S. Williamson
Owingsville, Kentucky