RENDERED: FEBRUARY 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0999-MR

DARRELL PORTIS                                       APPELLANT

v.             APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE KEVIN D. BISHOP, JUDGE
ACTION NO. 23-CI-00156

LYNDA PORTIS                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CALDWELL, JUDGE: Darrell Portis ("Darrell") appeals from the Graves Circuit Court's order denying him an award of maintenance in his dissolution of marriage action. Finding no error, we affirm.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Darrell and Lynda Portis ("Lynda") married on November 27, 1987, and separated in April of 2023. Darrell petitioned the circuit court for a dissolution of

marriage on June 06, 2023. The parties ultimately entered into a separation agreement dividing all assets and debts but reserving minor issues and, significantly, the issue of maintenance.

The circuit court held a hearing on the remaining issues on July 11, 2024, and entered its order on July 26, 2024. Significant to this appeal, the trial court made findings relevant to Darrell's request for maintenance. The trial court found, pursuant to the separation agreement of the parties, that Darrell retained sufficient property, including his awarded marital property, to provide for his reasonable needs. The court found that Darrell's assets totaled in excess of $640,000.00 including a house and truck, both paid for, as well as commercial property with income potential and significant cash assets.

Additionally, the trial court found Darrell capable of obtaining some employment and that he had offered no proof he was unable to support himself through employment. The court acknowledged that Darrell claimed he was disabled and could not work. But the court further found that Darrell had worked historically throughout the marriage, earning between $20,000.00 and $60,000.00 per year. The court discussed that Darrell had not worked consistently since receiving a cancer diagnosis in 2019. However, it found that Darrell treated his cancer and has been in remission since 2021 and that at his last check-up in 2023, he had been released to work.

The trial court also found Darrell had a minor back surgery in January of 2023 and that the surgery was successful in mitigating the severity of Darrell's back pain. Significantly, the court found that Darrell had been observed doing many manual labor tasks and had twice applied for disability and been denied. And also, that he did not pay into social security for enough qualifying quarters to be eligible for a disability award. It also found that Darrell had made no efforts to obtain employment.

The trial court found that Lynda had worked throughout the marriage and made between $120,000.00 and $140,000.00 per year, strictly from commission. The court also found that Lynda did not have excess income over her reasonable living expenses.

It is from this order that Darrell appeals.

**Darrell's Brief Fails to Comply with Kentucky Rules of Appellate Procedure**

Darrell's brief fails to comply with our Rules of Appellate Procedure (RAP) in important respects. For example, Darrell's appellant brief does not contain a preservation statement identifying if or how issues were preserved for appeal by raising them to the circuit court. *See* RAP 32(A)(4). Also, Darrell fails to include specific citations, or essentially any citations at all, to the circuit court record in his appellant brief. *See* RAP 32(A)(3)-(4).

We leniently decline to strike his brief or dismiss the appeal[1] or to review solely for palpable error resulting in manifest injustice under CR[2] 61.02. But we reiterate that appellants must follow appellate briefing rules and can suffer consequences for failure to do so. *See, e.g.*, *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) (dismissing appeal). Darrell's counsel should not expect further leniency for future appeals. We suggest counsel read over the Rules of Appellate Procedure carefully before submitting appellate briefs in the future. We also note that helpful resources including appellate briefing checklists and our basic appellate handbook are available on our court website, www.kycourts.gov (last visited Feb. 1, 2026).

**STANDARD OF REVIEW**

As discussed by a separate panel of this Court, "[t]he determination of questions regarding maintenance is a matter which has traditionally been delegated to the sound and broad discretion of the trial court[.]" *Barbarine v. Barbarine*, 925 S.W.2d 831, 832 (Ky. App. 1996) (citations omitted). Only when the circuit court has "abused its discretion or based its decision on findings of fact that are clearly erroneous" may we disturb the circuit court's decision. *Powell v. Powell*, 107

---

[1] *See* RAP 31(H)(1) ("A brief may be stricken for failure to substantially comply with the requirements of these rules.").

[2] Kentucky Rules of Civil Procedure.

S.W.3d 222, 224 (Ky. 2003) (citations omitted). A circuit court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010) (citation omitted).

Additionally, findings of fact supported by substantial evidence are not erroneous. *Barbarine*, 925 S.W.2d at 832 (citations omitted). "[S]ubstantial evidence is [e]vidence that a reasonable mind would accept as adequate to support a conclusion and evidence that, when taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (internal quotation marks and footnotes omitted). Stated another way, findings of fact are clearly erroneous if the circuit court's findings are "clearly contrary to the weight of evidence." *Clark v. Clark*, 782 S.W.2d 56, 58 (Ky. App. 1990) (citations omitted).

**ANALYSIS**

As best as can be determined, Darrell argues that the circuit court's findings of fact were clearly erroneous and unsupported by substantial evidence and so the circuit court abused its discretion in failing to award Darrell maintenance. Before a circuit court may award maintenance, it must first find that the spouse seeking maintenance "[l]acks sufficient property, including marital

-5-

property apportioned to him, to provide for his reasonable needs[.]" KRS[3] 403.200(1)(a). Secondly, the spouse seeking maintenance must be "unable to support himself through appropriate employment[.]" KRS 403.200(1)(b). If either factor is not met, the circuit court may not award maintenance. *Drake v. Drake*, 721 S.W.2d 728, 730 (Ky. App. 1986).

In this case, under KRS 403.200, the circuit court found that Darrell had sufficient property to support himself. Specifically, the circuit court noted that Darrell received: property valued in excess of $640,000.00 including a vehicle that was paid for, a home that was paid for, commercial property capable of producing income, and cash in the amount of $121,698.50. The record supports these findings, and we do not find them to be clearly erroneous.

Additionally, the circuit court noted that there was no evidence proffered to show Darrell could not support himself through employment. The circuit court found that Darrell was voluntarily unemployed and capable of obtaining employment. Again, there is substantial evidence of record to support this finding.

Therefore, in light of the requirements of KRS 403.200(1)(a) and (b), we cannot say it was an abuse of discretion of the trial court to not award

---

[3] Kentucky Revised Statutes.

maintenance to Darrell.  *Wattenberger v. Wattenberger*, 577 S.W.3d 786 (Ky. App. 2019).

## CONCLUSION

For the foregoing reasons, we affirm the Graves Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Heather L. Jones
Paducah, Kentucky

BRIEF FOR APPELLEE:

David V. Oakes
Paducah, Kentucky