LAMBERT, JUDGE:
*787 Charles W. Wattenberger appeals from the Harlan Circuit Court order dividing the marital property, assigning debt, and awarding maintenance in the dissolution of his marriage to Flora Y. Wattenberger. We vacate the order and remand to the circuit court for further proceedings.
Charles and Flora were married in January 1982 and separated in July 2013. Two children were born of the marriage; both are now adults. The couple made several failed attempts at reconciliation. Flora filed her petition for dissolution in April 2014. She requested maintenance in the amount of $ 1,000 per month and that Charles be held responsible for their son's student loan debt. The domestic relations commissioner held the final hearing on March 2, 2016, and tendered recommendations on September 26, 2016. The circuit court held a supplemental hearing on August 8, 2016, and ultimately adopted the master commissioner's recommendations (and overruled the exceptions filed by Charles) on November 14 of that year.
On appeal, Charles challenges several aspects of the circuit court's holdings. We first address his argument that the circuit court failed to make the statutorily required findings of fact prior to awarding maintenance to Flora. We agree.
Kentucky Revised Statute (KRS) 403.200 reads:
(1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
(b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:
(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
(c) The standard of living established during the marriage;
(d) The duration of the marriage;
(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and
(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.
As Charles points out, the threshold conditions of KRS 403.200(1) must be met before a circuit court can legally consider the factors enumerated in *788 KRS 403.200(2)(a)-(f). Shafizadeh v. Shafizadeh , 444 S.W.3d 437, 446 (Ky. App. 2012). "Under this statute, the trial court has dual responsibilities: one, to make relevant findings of fact; and two, to exercise its discretion in making a determination on maintenance in light of those facts." Perrine v. Christine , 833 S.W.2d 825, 826 (Ky. 1992). If supported by substantial evidence, the decision to award maintenance will not be set aside. Shafizadeh, 444 S.W.3d at 447.
In the case presented to us here, the parties' circumstances became reversed prior to the final hearing: Charles, who had enjoyed a comfortable income working for a construction company, had been laid off; Flora, who had obtained her college degree during the marriage, was employed full-time at the Harlan County Community Action Agency. Furthermore, the marital home, which had been a gift to Charles from his grandmother, had apparently been refinanced while the parties were married, and was ordered to be sold "to compensate [Flora] for her maintenance claim," with the net proceeds of the sale divided 65% to Flora and 35% to Charles. The record lacks an appraisal or valuation of the property, and the circuit court made no findings to support its rationale for the 65/35 split. Additionally, it is unclear whether the circuit court's consideration of Flora's "reasonable needs" ( KRS 403.200(1)(a) ) included her caring for the parties' adult son and his family (his wife and two children) as well as a cell phone plan that covered those two adults and Flora's mother. The record lacks substantial evidence to support the circuit court's award of maintenance to Flora, and the matter must be remanded for further findings pursuant to KRS 403.200. Lawson v. Lawson , 228 S.W.3d 18, 23 (Ky. App. 2007).
Upon remand, the circuit court is also directed to consider Flora's pension (acquired during the marriage) and Flora's withdrawal of monies from the parties' joint checking account before distributing the Wattenbergers' assets and debts pursuant to KRS 403.190. Cobane v. Cobane , 544 S.W.3d 672, 684 (Ky. App. 2018).
We lastly address the issue of the son's student loan debt, which the circuit court had classified as a marital debt for which it held Charles accountable. This son is now employed as a nurse practitioner at Marcum and Wallace Memorial Hospital. The circuit court made no findings to support its assignment to Charles of this emancipated child's debt. The circuit court is directed to make the necessary findings on this issue as well. Rice v. Rice , 336 S.W.3d 66, 68 (Ky. 2011) ; Neidlinger v. Neidlinger , 52 S.W.3d 513, 523 (Ky. 2001), overruled on other grounds by Smith v. McGill , 556 S.W.3d 552 (Ky. 2018).
The judgment of the Harlan Circuit Court is reversed, and this matter is remanded for proceedings consistent with this opinion.
THOMPSON, K., JUDGE, CONCURS.
JONES, JUDGE, CONCURS IN RESULT ONLY.