RENDERED:  AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0072-MR

JAMES ARTHUR HARMON, JR.                                APPELLANT


APPEAL FROM FLOYD CIRCUIT COURT
v.            FAMILY COURT DIVISION
HONORABLE JANIE MCKENZIE-WELLS, SPECIAL JUDGE
ACTION NO. 18-CI-00491


WANDA B. HARMON                                          APPELLEE


OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  James Arthur Harmon, Jr., brings this appeal from the

Findings of Fact, Conclusions of Law, Decree of Dissolution of Marriage and

Order and Judgment entered September 23, 2019, in the Floyd Circuit Court,

Family Court Division, (family court) dividing marital property and awarding

maintenance to Wanda B. Harmon.  We affirm in part, vacate in part, and remand.

James and Wanda were married on June 3, 1967. After fifty years of marriage, the parties separated on April 8, 2018. During the marriage, both parties worked outside the home. However, at the time of the separation both parties were retired. On July 25, 2018, Wanda filed a petition for dissolution of marriage in the family court. A final evidentiary hearing was conducted on July 11, 2019. Findings of Fact, Conclusions of Law, Decree of Dissolution of Marriage and Order and Judgement were entered September 23, 2019. Relevant to this appeal, the family court divided the parties' marital property and awarded Wanda permanent maintenance of $1,000 per month. This appeal follows.

We begin our analysis by noting that an evidentiary hearing was conducted by the family court without a jury. Accordingly, our review of the court's findings of fact proceeds pursuant to Kentucky Rules of Civil Procedure (CR) 52.01, which provides that "[f]indings of fact, shall not be set aside unless clearly erroneous[.]" A finding of fact is not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003). Questions of law are reviewed *de novo. Allen v. Devine*, 178 S.W.3d 517, 524 (Ky. App. 2005).

The primary issue raised by James in this appeal is that the family court erred by awarding Wanda maintenance. More specifically, James asserts that

the family court failed to make the requisite findings of fact required under Kentucky Revised Statutes (KRS) 403.200(1) relative to the award of maintenance.

KRS 403.200 governs an award of maintenance in a dissolution of marriage proceeding. Therein, subsection (1) of KRS 403.200 requires the family court to make the following two findings of fact:

> In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse **only if it finds** that the spouse seeking maintenance:
>
> > (a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
> >
> > (b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

KRS 403.200(1) (emphasis added).

It is well-established that both subsection (a) and subsection (b) of KRS 403.200(1) "must be satisfied before the family court may award maintenance." *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 446 (Ky. App. 2012). And, pursuant to KRS 403.200 "the trial court has dual responsibilities: one, to make relevant findings of fact; and two, to exercise its discretion in making a

-3-

determination on maintenance in light of those facts." *Wattenberger v. Wattenberger*, 577 S.W.3d 786, 788 (Ky. App. 2019) (quoting *Perrine v. Christine*, 833 S.W.2d 825, 826 (Ky. 1992)).  Only after the "threshold conditions of KRS 403.200(1)" are met may a family court "legally consider the factors enumerated in KRS 403.200(2)(a)-(f)" to determine the amount and duration of the award.  *Wattenberger*, 577 S.W.3d at 787-88.

In the family court's ruling, the court concluded that "the Petitioner has met the elements necessary per statute to receive permanent maintenance." Finding of Fact, Conclusions of Law, Decree of Dissolution of Marriage and Order and Judgement at 15.  However, the family court failed to find whether Wanda lacked sufficient property to provide for her reasonable needs and whether she was unable to support herself through appropriate employment.  Although evidence was presented regarding the amount of the parties' monthly income and the amount of property awarded to each, the family court failed to make the requisite findings required under KRS 403.200(1)(a) and (b).  It is not the role of this Court to review the evidence and make those findings.  Accordingly, in the absence of such findings, we have no alternative but to conclude that the family court erred by failing to comply with KRS 403.200(1) in rendering its findings and conclusions. Therefore, we vacate the award of maintenance and remand with directions for the

family court to make the requisite findings pursuant to KRS 403.200(1) in support of any maintenance award.

James also contends that the family court erred by failing to identify the duration of the maintenance award to Wanda. As we have vacated the award of maintenance and remanded for the family court to reconsider in light of the absent findings under KRS 403.200(1)(a) and (b), the issue regarding the duration of the maintenance award is moot. Upon remand, if the family court makes the necessary findings of fact under KRS 403.200(1) and awards maintenance, the court will then be required to consider the factors set forth in KRS 403.200(2) to determine the amount and duration of such award.

James also argues on appeal that the family court erred in its division of marital property. More specifically, James contends that the division of marital property was "inequitable," especially as concerns the division of the parties' motor vehicles. Appellant's Brief at 18.

KRS 403.190(1) governs the division of marital property and provides:

> (1)  In a proceeding for dissolution of the marriage or for
>       legal separation, or in a proceeding for disposition of
>       property following dissolution of the marriage by a
>       court which lacked personal jurisdiction over the
>       absent spouse or lacked jurisdiction to dispose of the
>       property, the court shall assign each spouse's
>       property to him. It also shall divide the marital

property without regard to marital misconduct in just proportions considering all relevant factors including:

> (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
>
> (b) Value of the property set apart to each spouse;
>
> (c) Duration of the marriage; and
>
> (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

Pursuant to KRS 403.190(1), the family court must divide the parties' marital property in just proportions after considering all relevant factors. 15 Louise E. Graham & James E. Keller, *Kentucky Practice—Domestic Relations Law* § 15.4 (2015). And, it should be noted that an equitable division is not necessarily an equal division. *Russell v. Russell*, 878 S.W.2d 24, 25 (Ky. App. 1994). As the family court possesses wide discretion in its division of marital property, its decision will not be disturbed on appeal absent an abuse of that discretion. *Id.* An abuse of discretion occurs where "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001).

In this case, the parties lived modestly during the marriage. At the time of the divorce, they owned a 1,200 square foot, three-bedroom, and two-bath home. The mortgage on the home had an outstanding balance of $39,000. The family court ordered the home to be sold and for the proceeds to be equally awarded to the parties after the mortgage and fees were paid. James has a retirement account with Merrill Lynch that had a value of $142,000 as of May 2019. The family court ordered that the account be divided equally less an offset to Wanda's share to James for $4,500.[1] The other marital property consisted mostly of unencumbered vehicles. The family court ordered that Wanda would be awarded the 2006 Jeep Cherokee, the 2007 Chevy Tahoe, the 2009 Polaris, and the 1998 Honda four-wheeler. The family court awarded James the 2007 GMC pickup, the 1994 four-wheeler, including all attachments, and the Cub Cadet riding mower. Based on our review of the record below, we conclude the family court's division of the parties' marital property, including division of the vehicles, to be an equitable division of the property per KRS 403.190(1). Thus, we find no error in the family court's findings nor did the court abuse its discretion in dividing the marital property.

---

[1] James Arthur Harmon, Jr., had a gun collection that he acquired during the marriage. Wanda Harmon acknowledged that after the parties separated, she sold the guns for cash. The family court ordered that to compensate James for one-half of the value of the guns, Wanda would receive $4,500 less in the otherwise equal division of the Merrill Lynch retirement account.

For the foregoing reasons, the Findings of Fact, Conclusions of Law, Decree of Dissolution of Marriage and Order and Judgment entered September 23, 2019, by the Floyd Circuit Court, Family Court Division, is affirmed in part, vacated in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Robert G. Miller, Jr.<br>Paintsville, Kentucky | Jennifer Burke Elliott<br>Prestonsburg, Kentucky |