RENDERED: MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1347-MR

JAMES ARTHUR HARMON, JR.                                         APPELLANT

v.          APPEAL FROM FLOYD CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE JANIE MCKENZIE-WELLS, SPECIAL JUDGE
ACTION NO. 18-CI-00491

WANDA B. HARMON                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: James Arthur Harmon, Jr., brings this appeal from orders entered in the Floyd Circuit Court, Family Court Division (family court) on September 9, 2021, October 18, 2021, and November 15, 2021, dividing marital property and awarding maintenance to Wanda B. Harmon. We affirm.

James and Wanda were married June 3, 1967. The parties separated after fifty years of marriage on April 8, 2018. During the marriage, James and

Wanda both worked outside the home; however, at the time of separation both parties were retired. On July 25, 2018, Wanda filed a petition for dissolution of marriage in the family court. Following a final evidentiary hearing, Findings of Fact, Conclusions of Law, Decree of Marriage and Order, and Judgment were entered on September 23, 2019 (September 23, 2019, Judgment). Relevant to this appeal, the family court divided the parties' marital property[1] and awarded Wanda permanent maintenance of $1,000 per month. James pursued a direct appeal to this Court (*Harmon v. Harmon*, No. 2020-CA-0072-MR, 2021 WL 3435511 (Ky. App. Aug. 6, 2021)).

By Opinion rendered August 6, 2021, this Court affirmed in part and vacated in part the family court's September 23, 2019, Judgment and remanded for proceedings consistent with the Opinion. In its August 6, 2021, Opinion, this Court of Appeals affirmed the family court's order as to the division of marital property but vacated and remanded as to the award of permanent maintenance to Wanda in the amount of $1,000 per month. Upon remand, the family court was directed to make the requisite findings of fact required by Kentucky Revised Statutes (KRS) 403.200(1)(a) and (b) regarding whether Wanda lacked sufficient

---

[1] Regarding the division of marital property, the family court ordered the marital residence belonging to James Arthur Harmon, Jr., and Wanda B. Harmon be sold and the proceeds divided equally between the parties after payment of the mortgage. The family court further ordered that James's Merrill Lynch retirement account would also be divided equally after an offset for marital guns she sold. The court also divided myriad items of personal property belonging to the parties including multiple vehicles.

property to provide for her reasonable needs and whether she was able to support herself through appropriate employment. The Court further directed that if the family court made the requisite findings of fact and deemed an award of maintenance appropriate, the family court must then consider the factors enumerated in KRS 403.200(2)(a)-(f) to determine the amount and duration of the maintenance award.

Upon remand, the family court made the following findings of fact in its September 9, 2021, Order:

> [T]he parties were married for approximately fifty-one (51) years, before they separated in 2018. Both parties are over seventy (70) years of age at this time. [Wanda] draws social security benefits in the amount of $1,124.00 per month and [James] receives social security benefits in the amount of $2,090.00 per month plus $700.00 per month from a retirement account with Merrill Lynch. This results in a discrepancy in income received by the parties. Further, [James] previously agreed and requested Merrill Lynch to make monthly payments from his retirement account in the amount of $1,800.00 to [Wanda] as maintenance herein. [James] further testified to expenses that totaled approximately $1,930.00 per month, not counting entertainment expenses. Therefore, [Wanda] has shown, by her testimony, her need for maintenance based on her age (over 70), the length of her marriage (51 years), and her current income, and [James] has shown the ability to pay maintenance herein as his income exceeds his necessary expenses. . . .

September 9, 2021, Order at 2. The family court again awarded Wanda $1,000 per month in maintenance but limited it to a period of ten years. Notably absent from

the family court's September 9, 2021, Order was any finding regarding whether Wanda had sufficient property to provide for her reasonable needs and whether she was able to support herself through appropriate employment.

James subsequently filed a motion to alter, amend, or vacate the September 9, 2021, Order and filed a motion for more specific findings of fact. By Order entered October 18, 2021, the family court denied James's motion to alter, amend, or vacate but reserved ruling upon James's motion for more specific findings of fact. Then, by Order entered November 15, 2021, the family court ruled on James's motion for more specific findings of fact as follows:

1. That [James's] motion for additional or more specific findings should be a moot point as the Court has already addressed this matter. However, the Court now reiterates their position and findings as to the award of maintenance.

2. That the Court stands by the Findings of Fact and Conclusions of Law and Judgment entered by the Court and states that per the requirements of KRS 403.200, [Wanda] qualified for and was due the permanent award of maintenance given to her.

3. That [Wanda] fully established her need for maintenance which was the first prong of the test. Even with the division of marital assets [Wanda] would be without financial resources to sustain the lifestyle to which she had become accustomed.

4. Further, that per KRS 403.200, the Court took into account the very lengthy marriage of the parties and the age of the litigants. It is unlikely, to the point of

-4-

impossible, for [Wanda] to become gainfully employed at her age and health status.

5. That the record shows the parties were not litigants of great means. However, [Wanda] is by law entitled to live in the lifestyle she had become accustomed during the marriage, KRS 403.200 (2) (c), and therefore the award of maintenance was proper.

6. The testimony shows that [James] is left, after the division of property, reasonable assets to maintain his lifestyle.

7. That *Newman v. Newman*, 597 S.W. 2d 137 [(Ky. 1980)], dictates that an award of maintenance is under the discretion of the trial court and shall not be overturned unless there is clear error. In the case at bar, the elements of both prongs of the test set forth in KRS 403.200 have been met and proved. The award of maintenance is not in err.

November 15, 2021, Order a 1-3. This appeal follows.

James initially contends the family court abused its discretion and failed to make the requisite findings of fact under KRS 403.200(1)(a) and (b) regarding whether Wanda had sufficient property to meet her reasonable needs and whether Wanda was able to support herself through appropriate employment. We disagree.

It is well settled that KRS 403.200(1)(a) and (b) must both "be satisfied before the family court may award maintenance." *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 446 (Ky. App. 2012). And, it is equally settled that the family court has "dual responsibilities" pursuant to KRS 403.200: "one, to

make relevant findings of fact; and two, to exercise its discretion in making a determination on maintenance in light of those facts." *Wattenberger v. Wattenberger*, 577 S.W.3d 786, 788 (Ky. App. 2019) (citation omitted). It is only after the "threshold conditions of KRS 403.200(1)" have been satisfied that the family court may "legally consider the factors enumerated in KRS 403.200(2)(a)-(f)" to determine the amount and duration of the maintenance award. *Wattenberger*, 577 S.W.3d at 787-88 (citation omitted).

The family court's findings of fact are viewed pursuant to Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 provides that "[f]indings of fact, shall not be set aside unless clearly erroneous[.]" A finding of fact is not clearly erroneous if supported by substantial evidence of a probative value. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003).

KRS 403.200(1) governs an award of maintenance and provides:

(1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment . . . .

In this case, the family court clearly found that even after the division of marital property Wanda would not have sufficient property to provide for her needs. The family court, likewise, found it was almost impossible that Wanda could become employed given her age and her health status, thus precluding Wanda's ability to support herself through appropriate employment. Therefore, we conclude the family court made the requisite findings of fact pursuant to KRS 403.200(1)(a) and (b) and did not abuse its discretion in determining that Wanda was entitled to maintenance.

James finally contends that the family court abused its discretion as to the amount and duration of the maintenance award to Wanda. More particularly, James asserts that even if Wanda satisfied the threshold requirements of KRS 403.200(1)(a) and (b), the family court abused its discretion by awarding Wanda maintenance of $1,000 per month for a period of ten years.

It is well established that if KRS 403.200(1) is satisfied, the maintenance award shall be in an amount and duration deemed just after considering the factors set forth in KRS 403.200(2)(a)-(f). KRS 403.200(2)(a)-(f) includes consideration of the financial resources of the party seeking maintenance; the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; the standard of living established during the marriage; the duration of the marriage; the age and the

physical/emotional condition of the spouse seeking maintenance and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

It is axiomatic that the amount and duration of a maintenance award are within the sound discretion of the family court. *Gentry v. Gentry*, 798 S.W.2d 928 (Ky. 1990). An award of maintenance may only be reversed where there has been a clear abuse of discretion. *Combs v. Combs*, 622 S.W.2d 679 (Ky. App. 1981). And, of course, the family court's findings of fact on this issue are conclusive if supported by substantial evidence of a probative value. *Spurlin v. Spurlin*, 456 S.W.2d 683 (Ky. 1970); CR 52.01.

Having reviewed the record, we are simply unable to conclude that the family court abused its discretion by awarding Wanda maintenance of $1,000 per month for a period of ten years. The family court engaged in a thorough analysis and considered the appropriate factors set forth in KRS 403.200(2)(a)-(f). For example, the family court found that due to Wanda's age and health status it was likely impossible that she could find appropriate employment. The family court also noted the length of the parties' marriage, which was more than fifty years. Finally, the family court also pointed out that James had the ability to pay maintenance to Wanda while still meeting his needs. Therefore, the family court made detailed findings of fact on this issue and those findings are supported by

substantial evidence.  Accordingly, we reject James's contention that the family court erred in awarding Wanda maintenance of $1,000 per month for a period of ten years.

In sum, we are of the opinion that the circuit court did not commit reversible error in awarding Wanda $1,000 per month in maintenance for a period of ten years.

For the foregoing reasons, the orders of the Floyd Circuit Court, Family Court Division, are affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

James Brandon May
Paintsville, Kentucky

BRIEF FOR APPELLEE:

Jennifer Burke Elliott
Prestonsburg, Kentucky