RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1378-MR

TIMOTHY O'KEEFE                                                              APPELLANT


APPEAL FROM BULLITT CIRCUIT COURT
v.        HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 20-CI-00627


ANGELA MARIE O'KEEFE                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

ACREE, JUDGE: Appellant, Tim O'Keefe, appeals the Bullitt Circuit Court's

October 24, 2022 Additional Findings of Fact and Conclusions of Law awarding

Appellee, Angela O'Keefe, $500 in maintenance per month for a period of five

years. Finding no error, we affirm.

Tim and Angela are not strangers to this Court. In the parties' first

appeal, we summarized the history of their marriage as follows:

Tim and Angela were married on October 23, 1999, in Jefferson County, Kentucky. At the time of their divorce, Angela was 47 years old and employed as a clerical assistant for the Bullitt County Public Schools. She also worked as a weekend bartender at a golf course. Although she was employed as a mortgage loan processor prior to the parties' marriage, during the marriage, she was out of the workforce, acting as a "stay at home" mom during the minority of the parties' two children. In addition, she has an associate degree in computer information systems and a certificate in medical billing. Tim was 55 years old and worked for the Kentucky Transportation Cabinet as a field technician. He also worked a second job as a basketball referee. He has no education beyond his high school diploma.

*O'Keefe v. O'Keefe*, No. 2021-CA-0486-MR, 2022 WL 627218, at *1 (Ky. App. Mar. 4, 2022). Tim appealed from the family court's initial findings of fact, conclusions of law, judgment, and decree of dissolution. *Id*. He challenged the amount of Angela's non-marital property award, her maintenance award, and her attorney's fees award. *Id*. Because the family court's findings were deficient as to each issue Tim raised on appeal, we remanded the matter for further findings. *Id*. at *3. As relevant to the present appeal, we determined the family court had failed to make the required findings under KRS[1] 403.200(1) when it awarded $500 per month in maintenance to Angela for a period of ten years. *Id*. at *2.

On remand, the family court entered its Additional Findings of Fact and Conclusions of Law on October 24, 2022. The family court ruled in favor of

---

[1] Kentucky Revised Statutes.

Tim on two issues. First, the family court concluded that, though Angela had applied nonmarital funds to the purchase of the marital residence, she had not met her burden of proving the increase in value of the residence was nonmarital. Second, the court determined neither party engaged in unduly burdensome or obstructive actions sufficient to require one party to pay the attorney's fees of the other.

Though the family court left Angela's maintenance award of $500 per month in place, the court reduced the period of the award from ten years to five. Unsatisfied, Appellant now appeals.

The maintenance award is the lone issue Tim raises in this appeal. "While the award of maintenance comes within the sound discretion of the trial court, a reviewing court will not uphold the award if it finds the trial court abused its discretion or based its decision on findings of fact that are clearly erroneous." *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003) (citations omitted). A trial court has abused its discretion if its "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). A trial court's findings of fact are clearly erroneous if substantial evidence – that is, evidence of "sufficient probative value to induce conviction in the mind of a reasonable person" – does not support them. *Sewell v.*

*Sweet*, 637 S.W.3d 330, 334 (Ky. App. 2021) (quoting *Hunter v. Hunter*, 127

S.W.3d 656, 659 (Ky. App. 2003)).

KRS 403.200 governs maintenance awards. That statute provides:

(1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

    (a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

    (b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

    (a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

    (b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

KRS 403.200. The family court must find both KRS 403.200(1)(a) and (b) are met before it can consider the factors listed in KRS 403.200(2). *Wattenberger v. Wattenberger*, 577 S.W.3d 786, 787-88 (Ky. App. 2019) (citing *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 446 (Ky. App. 2012)). "Under this statute, the trial court has dual responsibilities: one, to make relevant findings of fact; and two, to exercise its discretion in making a determination on maintenance in light of those facts." *Perrine v. Christine*, 833 S.W.2d 825, 826 (Ky. 1992).

Tim argues the circuit court's findings under both KRS 403.200(1)(a) and (b) were insufficient. We disagree. As to KRS 403.200(1)(a), the family court stated specifically that Angela lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs. The family court stated it arrived at this conclusion upon consideration of her reported income and expenses. Further, the court attributed this deficiency to Angela's loss of earnings and experience as a result of her absence from the workplace. The family court

made adequate findings as to Angela's inability to provide for her reasonable needs.

As to KRS 403.200(1)(b), the family court determined Angela was "unable, *at this time*, to support herself through her own employment[.]" Record (R.) at 955 (emphasis added). Tim asserts, "based on knowledge and belief," Angela has improved her situation between the family court's original ruling and its supplemental ruling. Appellant's Brief at 2. He therefore argues it is no longer the case that Angela is unable to support herself, and that the family court should have permitted additional discovery or conducted further proceedings on Angela's ability to provide for herself following remand.

However, these were not the instructions we provided to the family court on remand. We did not require it to conduct any additional hearings or take additional evidence. Instead, we "vacate[d] and remand[ed] the matter to enable the trial court to make the requisite findings" from the evidence it considered before the first appeal. *O'Keefe*, 2022 WL 627218, at *2. The family court followed these instructions. It examined the evidence of record and determined Angela could not support herself through her employment alone.

Under neither prong of KRS 403.200(1) did the family court fail to make requisite findings. These findings are not clearly erroneous because substantial evidence supports them. And the family court's conclusions under this

portion of the analysis – that Angela is unable to provide for her reasonable needs and that she is unable to support herself through appropriate employment – were not arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, the family court did not abuse its discretion in reaching these conclusions.

Tim also challenges the family court's application of KRS 403.200(2), arguing the court failed to specifically address the statutory factors. We disagree. Like a trial court's decision to award maintenance, "[t]he amount and duration of maintenance is within the sound discretion of the trial court." *Weldon v. Weldon*, 957 S.W.2d 283 (Ky. App. 1997) (citing *Russell v. Russell*, 878 S.W.2d 24, 26 (Ky. App. 1994)).

Upon review of the family court's findings, we conclude the court carefully considered the circumstances of the parties' marriage in deciding what amount of maintenance to award Angela and for how long. It considered the duration of the parties' marriage, their ages, their physical condition, Angela's ability to obtain additional training in order to bolster her income, the parties' financial condition, and Tim's ability to pay maintenance.

Tim argues the family court focused on Tim earning higher wages during the marriage, which is not one of the KRS 403.200(2) factors. However, Tim's greater ability to earn income is directly relevant to KRS 403.200(2)(f):

Tim's ability to meet his own needs while providing maintenance to Angela. Further, as the statute plainly states, the family court was required to consider all relevant factors including, but not limited to, those the statute furnishes. Therefore, it was not contrary to law for the family court to have considered the parties' relative wages during the marriage.

Our review reveals no reversible error by the family court regarding the amount and duration of the maintenance award. Because the family court's decision was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles, we cannot say the family court abused its discretion in awarding Angela $500 per month for five years. And because substantial evidence supports the family court's factual findings, its findings are not clearly erroneous.

## **CONCLUSION**

Based on the foregoing, we affirm the Bullitt Circuit Court's October 24, 2022 Additional Findings of Fact and Conclusions of Law.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kirk Hoskins
Louisville, Kentucky

BRIEF FOR APPELLEE:

Allison Spencer Russell
Louisville, Kentucky